# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

BRANDON J. JAMES,                                                                           PLAINTIFF
ADC #171937

v.                                       4:20CV00894-KGB-JTK

WENDY KELLEY, et al.                                                                     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   Introduction

Plaintiff Brandon James is a state inmate confined at the Maximum Security Unit of the Arkansas Department of Correction (ADC), who filed this pro se 42 U.S.C. § 1983 action against Defendants (Doc. No. 2). By Order dated August 10, 2020, this Court granted Plaintiff's Motion to Proceed in forma pauperis and directed him to submit an Amended Complaint within thirty days, finding that his allegations failed to state a constitutional claim for relief. (Doc. No. 4) The Court asked Plaintiff to: "1) **name all the parties he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; and 4) state how he was harmed.**" (Id., p. 3)

Plaintiff submitted an Amended Complaint which did not comply with the Court's directions (Doc. No. 5), and on August 24, 2020, the Court provided Plaintiff one final opportunity to amend within thirty days (Doc. No. 7). The Court noted that Plaintiff complained about overall

disciplinary procedures and matters involving the Defendants and numerous other inmates, and at least sixteen different disciplinary incidents in which he was personally involved. (Id., p. 2)The Court found that the Amended Complaint failed to comply with FED.R.CIV.P. 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief," and directed Plaintiff to limit his second Amended Complaint to allegations concerning one disciplinary hearing or incident which involved the Defendants. (Id.)

Plaintiff has now submitted a second Amended Complaint, which is an exact copy of the Amended Complaint. (Doc. No. 8) Having reviewed it, the Court finds it should be dismissed, for failure to state a claim upon which relief may be granted.

**II.    Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

To survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, **a complaint must contain sufficient factual matter**, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007).   A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556. The plausibility standard is not akin to a

"probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id. at 556-7.

### III.  Facts and Analysis

To support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). In Plaintiff's second Amended Complaint (which is a copy of the Amended Complaint), he again does not specify how any of the named Defendants violated his constitutional rights with respect to a single disciplinary action or incident. Instead, he offers vague allegations such as, "My federal Constitutional or statutory rights to procedural due process that governs the disciplinary process has been continuously violated by ADC staff personnel….," and "Defendants created a corrupt and fraudulent method of meeting the 'some evidence standard.'" (Doc. No. 8, pp. 5-6) This latest complaint does not, however, comply with the Court's prior Orders or FED.R.CIV.P. 8(a)(2).

In light of Plaintiff's failure to submit a "short and plain statement of the claim showing that the pleader is entitled to relief," his Complaint should be dismissed without prejudice for failure to state a claim upon which relief may be granted, as provided in Rule 8.

### IV.  Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.  Plaintiff's Complaint against Defendants be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.     This dismissal be considered a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3.     The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action will not be taken in good faith.   28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 11th day of September, 2020.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.